BAKER v. MAGUIRE, Supervisor of Janitors of Board of Education, et al.

(Supreme Court, Appellate Division, First Department.　February 11, 1916.)

MANDAMUS &#9758;76—BOARD OF EDUCATION—RETRANSFER OF EMPLOYÉ.

> Where, after relator was changed by a committee of the board of education from the position of janitor engineer of one building to that of another, the board of education ratified the transfer, he is not entitled to mandamus against the committee to compel retransfer, for if it had no power to transfer the ratification by the board gave it power, and if it had power to retransfer despite ratification it was authorized to make the transfer.

> [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 158-160; Dec. Dig. &#9758;76.]

> Dowling, J., dissenting.

Appeal from Special Term, New York County.

In the matter of the application of William C. Baker for writ of mandamus against Andrew J. Maguire, as Supervisor of Janitors of the Board of Education of the City of New York, and others. From an order granting a motion for an alternative writ, respondents appeal. Order reversed, and motion denied.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Charles McIntyre, of New York City, for appellants.
John E. O'Brien, of New York City, for respondent.

SCOTT, J. Relator, an employé of the board of education of the city of New York, seeks restoration, by mandamus, to a position which he formerly held as janitor engineer of Public School No. 34. The respondents, against whom he seeks a writ, are a committee of the board of education known as the committee on the care of buildings, and an employé of the board known as the supervisor of janitors. Relator's complaint is that the respondents undertook to transfer him from one school to another without possessing legal authority to make such a transfer. Hence he asks that they be compelled to reinstate him.

It may be, as relator claims, that the committee on the care of buildings had no specific authority under the by-laws of the board of education to make the transfer; but it is not necessary to pass upon that question, because it appears that the action or attempted action on the part of that committee has been formerly ratified and con-

firmed by the board of education itself, so that the validity of relator's transfer now rests not upon any action by the committee, but upon the action of the board. If, as relator insists, the committee had no power to transfer him in the first instance, it certainly has no power to retransfer him in the face of the action taken by the board, and he cannot have a mandamus to compel the committee to do what it has no power to do. If the committee has power, despite the action of the board of education to retransfer relator, it had power to transfer him in the first instance. So, in any event, he may not have a mandamus against the present respondents.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

CLARKE, P. J., and SMITH and PAGE, JJ., concur. DOWLING, J., dissents.